UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVELYN J.,<br><br>                       Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                       Defendant. | CASE NO. C19-5090 BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found plaintiff's mild post-arrest anoxic encephalopathy, COPD, anemia, scoliosis, congenital heart disease with tetralogy of Fallot Status-Post defibrillator, anxiety disorder versus depressive disorder, and somatization disorder are severe impairments; plaintiff has the residual functional capacity (RFC) to perform sedentary work with additional limitations; and plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 20-42.

Plaintiff contends the ALJ erroneously rejected the opinions of examining doctor Daniel Neims, Psy.D., and that the Court should remand the case for further proceedings. Dkt. 8. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 1

Dr. Neims examined plaintiff and opined she was markedly limited in her ability to adapt to changes in the workplace, make simple-work related decision, maintain appropriate behavior, complete a normal workday; set realistic goals and plan independently. Tr. 715. The doctor also found plaintiff was moderately limited in her ability to perform work within a schedule, ask simple questions, and communicate and perform effectively at work. *Id.* Dr. Neims concluded plaintiff could not perform substantial gainful activity ("SGA"). Tr. 720.

The ALJ gave no weight to the moderate and marked limitations Dr. Neims assessed. Tr. 37. The ALJ rejected these opinions first finding the doctor "failed to provide any explanation for the boxes he checked." *Id.* The record shows otherwise. Dr. Neims administered and scored the Hamilton Anxiety Scale (HAMA) and the Hamilton Rating Scale for Depression. Tr. 723-727. Plaintiff's scores indicated moderate to severe anxiety and very severe depression. Tr. 718. Dr. Neims made clinical observations that plaintiff was anxious and tearful; displayed help-seeking behavior associated with unresolved trauma; was dysphoric and anxious and had shallow shifting affect. Tr. 716. The doctor noted plaintiff had profound chronic pain behavior, unresolved traumatic stress with intrusive thoughts and has strong suspect affective instability that resulted in negative relations with others and help-seeking behavior. Tr. 714. Given the doctors testing and clinical findings, the Court concludes the ALJ's finding is not supported by substantial evidence.

The ALJ also rejected Dr. Neims' opinions on the grounds plaintiff was malingering. Dr. Neims administered the Rey Fifteen Factor Test and concluded plaintiff's score technically indicated malingering. Tr. 718. However, the doctor rejected malingering and instead found plaintiff's scores are "seen as clearly representing psychological factors affecting perception." *Id.* In other words, Dr. Neims did not find plaintiff was intentionally magnifying her symptoms for

gain, and instead found her behavior flowed from her mental health problems. The ALJ rejected the doctor's opinion because of "inconsistencies" which the ALJ found showed plaintiff intentionally exaggerated her symptoms for gain, "not as a help-seeking measure." *Id.*

The ALJ erred. An ALJ cannot usurp the role of doctors when interpreting medical evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) ("The ALJ ... reject[ed] the informed medical opinion of [Plaintiff's] primary treating physician and instead improperly substituted her judgment for that of the doctor."); *Garrison v. Colvin*, 759 F.3d 995, 1013-14 (9th Cir. 2014) (reiterating that "[t]he ALJ must set forth his own interpretations and explain why they, rather than the doctors', are correct"); *see also Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("As this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). Here, the ALJ arrived at her own medical determination that inconsistencies in plaintiff's statements or actions established she was malingering. The ALJ's finding is not based upon other medical opinions that contradict Dr. Neims' opinion about malingering. The ALJ also does not clearly explain why Dr. Neims is incorrect. Dr. Neims was fully aware plaintiff was "help seeking with patterns of dramatic symptom endorsement." Tr. 716. But he found plaintiff's behavior was a consequence of how her mental illness affected her perception. The ALJ provides nothing explaining why this is not the case.

The Commissioner also argues the ALJ properly rejected Dr. Neim's opinions in view of "inconsistencies in Plaintiff's presentation," and because examining doctor Stephanie Hanson, Ph.D. noted inconsistencies in Plaintiff's actions and answers. Dkt. 9 at 4-5. The Commissioner argues these inconsistencies undermine Dr. Neim's opinions. The Court rejects the argument. Notwithstanding the inconsistencies noted by the Commissioner and noted by Dr. Hanson, Dr.

Hanson nonetheless concluded "it is unlikely that [Plaintiff] would likely be able, based solely on psychological functioning to maintain work for eight hours a day, five days per week without significant accommodation." Tr. 609. Hence the record shows Dr. Hanson's opinions support rather than undercut Dr. Neim's opinions notwithstanding the inconsistencies exhibited by Plaintiff. The ALJ's determination is accordingly not supported by substantial evidence.

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess the opinions of Dr. Neims, develop the record and redetermine Plaintiff's RFC as necessary, and proceed to the remaining steps as appropriate.

DATED this 25th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge